UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-00038-R

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, as subrogee of
SUPERIOR GRAPHITE COMPANY                                                    PLAINTIFF

v.

RAPID POWER, and
DYNAPOWER COMPANY                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Remand.  Pl.'s Mot. Remand, Docket Number ("DN") 4.  The Defendants have responded.  Defs.' Resp., DN 8.  The Plaintiff has replied.  Pl.'s Reply, DN 9.  This matter is now ripe for adjudication.  For the following reasons, the Plaintiff's motion to remand is DENIED.

## BACKGROUND

The issue before the Court is whether the Defendants properly removed to federal court within the thirty-day period prescribed by 28 U.S.C § 1446(b).  The Plaintiff contends that remand is warranted because the Defendants received service on February 6, 2012, and were required to remove by March 7, 2012.  The Defendants claim that they were not served until February 13, 2012, and March 6, 2012, when the Kentucky Secretary of State filed its return of service as required by the state's long-arm statute.  If service was complete on the later dates, the Defendants were required to file their notice of removal by March 14, 2012, and were well within the thirty-day period of § 1446(b) when they removed on March 9, 2012.

On January 31, 2012, the Plaintiff, Travelers Property Casualty Company of America ("Travelers"), filed its Complaint in the Christian County Circuit Court.  DN 1-1.  On February

1

3, 2012, summonses issued from that court to the Defendants, Rapid Power Corporation and Dynapower Company ("Rapid Power" and "Dynapower," individually, or "Defendants," collectively).  DN 4-3; DN 4-4.  Because the Defendants are foreign corporations, the summonses were issued to the Kentucky Secretary of State to be served pursuant to Kentucky's long-arm statute, KRS § 454.210.  The Secretary of State sent the summonses via certified mail to the Defendants on February 3, 2012.  On February 6, 2012, Jeffery Robbins, the registered agent for Dynapower, acknowledged receipt of Dynapower's summons through an exchange of emails with counsel for Travelers.  DN 4-2.  Despite Mr. Robbins's acknowledgement that Dynapower received the complaint on February 6, 2012, the Secretary of State filed Dynapower's return of service on March 6, 2012, stating that "[t]o date, this office has received neither the postal return card, nor the undelivered letter."  DN 4-3, p. 2.  The Secretary of State filed Rapid Power's return of service on February 13, 2012.  DN 4-4, p. 2.  The return of service shows that the summons was received and signed for by Rapid Power on February 6, 2012.  *Id.*

On March 9, 2012, the Defendants removed to this Court.  DN 1.  On March 14, 2012, the Plaintiff moved to remand.  According to the Plaintiff, the Defendants were served on February 6, 2012, when they received copies of the complaint, and were required to remove by March 7, 2012.  Because they did not remove until March 9, 2012, the Plaintiff claims the Defendants removed outside of the period prescribed by § 1446(b).

## DISCUSSION

"Kentucky law determines the validity of service in state court prior to the defendant's removal."  *Ashford v. Bollman Hat Co.*, 10-192-JBC, 2011 U.S. Dist. LEXIS 4114, at * 4 (E.D. Ky. January 14, 2011) (citing 4A Charles Alan Wright & Author Miller, *Federal Practice and Procedure* § 1082 (3d ed. 2010)).  Because the Defendants are foreign corporations, the Plaintiff

served summonses on them through Kentucky's long-arm statute, KRS § 454.210.  The Defendants do not claim that they have not received copies of the complaint.[1]  Instead, they argue that, under Kentucky's long-arm statute, they were not formally served until Kentucky's Secretary of State filed a statutorily-required return of service for each Defendant.  The long-arm statute specifically provides that "[s]ummons shall be deemed served on the return of the Secretary of State . . . ."  KRS § 454.201(3)(b).  In other words, even though a defendant receives a summons, it is not "served" until the Secretary of State files a return of service with the state court issuing the summons.  As stated above, Kentucky law determines the validity of service before removal, and in this case, the terms of Kentucky's long-arm statute are clear that a summons is only "deemed served" once the Secretary of State has filed a return of service.  Until that event occurs, there is no service under the statute.

The record shows that the Secretary of State filed returns of service for Rapid Power and Dynapower with the Christian County Circuit Court on February 13, 2012, and March 6, 2012, respectively.  The Defendants were "deemed served" in accordance with Kentucky law on those dates and had thirty days to remove to federal court.  As pointed out by the *Ashford* Court, "[a]cutal receipt of formal service by the defendant . . . triggers the removal period." *Ashford*, 2001 U.S. Dist. LEXIS 4144, at *6 (citing *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999)).  Here, no "formal service" existed until the summons were "deemed served" under Kentucky's long arm-statute.

The interaction of Kentucky's long-arm statute and § 1446(b) is supported by the Supreme Court's holding in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344

---

[1] Although no return receipt has been received by the Kentucky Secretary of State for the summons issued to Dynapower, an email from the company's registered agent, Jeffery Robbins, explicitly states that the company received a copy of the Plaintiff's complaint on February 6, 2012. DN 4-2. The return of service from the Kentucky Secretary of State shows that Rapid Power also received the complaint via certified mail on February 6, 2012. DN 4-4, p. 2.

(1999).  The issue addressed by the Court in *Murphy Brothers* was:

> [W]hether the named defendant must be officially summoned to appear in the action before the time to remove [prescribed in 28 U.S.C § 1446(b)] begins to run. Or, may the 30-day period start earlier, on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint . . . .

*Id.* at 347.  The Court held that the thirty-day removal period in § 1446(b) is "triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service."  *Id.*

In the present case, there was no "formal service" until the summonses were "deemed served" by the filing of the returns of service by the Kentucky Secretary of State.  Only at that time was the thirty-day removal period triggered, and the Defendants removed before that period expired.  To find otherwise would be contrary to the holding of *Murphy Brothers*.  *Murphy Brothers* requires "formal service" to trigger the removal period in § 1446(b).  Prior to removal, the question of whether the Defendants were served was governed by Kentucky law.  Under the long-arm statute, a party is not deemed served until the Secretary of State files a return of service.  Accordingly, before the returns had been filed, the Defendants had only received copies of the complaint without formal services as required by *Murphy Brothers*.  The thirty-day removal period began to run only after the Sectary of State filed the returns of service with the Christian County Circuit Court on February 13, 2012, and March 6, 2012.

## CONCLUSION

The Plaintiff moved to remand this case because the Defendants filed their notice of removal outside of the statutorily-prescribed time period.  For all the foregoing reasons, the Plaintiff's motion is DENIED.